119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raynal James CHARLEY, Defendant-Appellant.
 No. 96-16548.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 22, 1997.
 
 Appeal from the United States District Court for the District of Arizona, Nos. CV-94-00723-RCB (SLV), CR-91-00324-01-RCB; Robert C. Broomfield, District Judge, Presiding.
 Before HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Raynal James Charley appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his guilty plea conviction and sentence for second degree murder on the ground that his counsel was ineffective by failing to inform him he had the right to appeal. We have jurisdiction under 28 U.S.C. § 2255.[1] We review de novo, see United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996), cert. denied, 117 S.Ct. 1282 (1997), and we affirm.
 
 
 3
 The record shows that the plea agreement Charley signed informed him that he was waiving his right to appeal. The district court judge also informed Charley of his right to appeal, and Charley stated that he understood his appeal rights. Accordingly, Charley fails to show that he was prejudiced by counsel's allegedly deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The government contends that Charley waived his right to file a section 2255 petition, however, the waiver does not preclude Charley's claim that his counsel was ineffective by failing to inform him of his right to appeal. See United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir.1996), cert. denied, 117 S.Ct. 1282 (1997)